COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued at Richmond, Virginia


DONALD L. PITT, JR.
                                                           MEMORANDUM OPINION[*] BY
v.        Record No. 1956-11-2                         JUDGE LARRY G. ELDER
                                                              MARCH 27, 2012
SHACKLEFORD'S RESTAURANT
 AND VIRGINIA COMMERCE GROUP
 SELF-INSURANCE ASSOCIATION, LANDIN, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Jean M. McKeen (Tomlin & McKeen, PLLC, on brief), for
               appellant.

               R. Ferrell Newman (Newman & Wright, on brief), for appellees.


        Donald L. Pitt, Jr. (claimant), appeals from a decision of the Workers' Compensation

Commission denying his claim for benefits from Shackleford's Restaurant (employer) for a hand

injury he sustained while cleaning a meat slicer.  On appeal, he contends the commission erred in

holding employer had adopted a safety rule forbidding cleaning the machine without unplugging

it and that, even if it had adopted a safety rule, the evidence failed to prove he knew of the rule at

issue or that he intentionally violated it.  Claimant also contends his actions did not constitute

willful misconduct because employer did not enforce the rule.  We hold credible evidence

supports the findings that claimant intentionally violated a known safety rule and that employer

enforced the rule at issue.  Thus, we affirm the commission's denial of benefits.



_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Code § 65.2-306 provides in relevant part that "[n]o compensation shall be awarded to the employee or his dependents for an injury or death caused by . . . [t]he employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee." Code § 65.2-306(A)(5). The statute also provides that "[t]he person or entity asserting any of the defenses in this section shall have the burden of proof with respect thereto." Code § 65.2-306(B). Thus, to successfully raise a defense of willful misconduct under Code § 65.2-306(A)(5), the employer must establish "(1) that the safety rule was reasonable, (2) that the rule was known to [the employee], (3) that the rule was for [the employee's] benefit, and (4) that [the employee] intentionally undertook the forbidden act." Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 334, 381 S.E.2d 359, 360-61 (1989).

The General Assembly included the word "willful" in the statute to promote the beneficent purposes of the Act by not penalizing workers, particularly those "who could neither read, write, nor speak the English language," who violated a rule from "mere ignorance" without "moral blame." King v. Empire Collieries Co., 148 Va. 585, 592, 139 S.E. 478, 480 (1927) ("If the employee had knowledge of the statute, or it can be shown that proper steps had been taken to bring home to him notice of it, he cannot recover, for he cannot recover under one statute enacted for his benefit for an injury proximately arising out of the violation of another statute which he has wilfully neglected or refused to obey."); see also 2 Lex K. Larson, Larson's Workers' Compensation Law § 35.02 (Matthew Bender rev. ed. 2011) ("The idea that the employee's knowledge of the rule must be actual instead of constructive is a direct corollary of the requirement of 'willfulness.' One cannot deliberately break a rule unless one in fact knows the rule exists."). "[T]he evidence is sufficient to establish [a willful violation] defense if 'the employer can show that [the employee] had knowledge of the statute [or rule], or that reasonable

steps had been taken to bring home to him notice of its existence.'" [1] Va. Elec. & Power Co. v. Kremposky, 227 Va. 265, 269, 315 S.E.2d 231, 234 (1984) (quoting King, 148 Va. at 592, 139 S.E. at 480). "The common law defense of contributory negligence is abolished by the Act. . . . Negligence, regardless how gross, does not bar a recovery for workers' compensation benefits." Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 164-65, 335 S.E.2d 851, 852 (1985); see Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 333, 437 S.E.2d 205, 209 (1993). "Evidence of a hazardous act involving obvious danger, without more," is insufficient to bar recovery under the Act. Harbin v. Jamestown Village Joint Venture, 16 Va. App. 190, 196, 428 S.E.2d 754, 758 (1993). Finally, evidence "that the rule was not kept alive by bona fide enforcement" will defeat an employer's defense of willful misconduct based on the violation of a safety rule. Buzzo, 17 Va. App. at 332, 437 S.E.2d at 208.

Whether an employee "knowingly violated [a safety rule] is a mixed question of law and fact" reviewable on appeal. Owens Brockway v. Easter, 20 Va. App. 268, 271-72, 456 S.E.2d 159, 161 (1995). Factual findings made by the commission, if supported by credible evidence in the record, will not be disturbed on appeal. E.g. Rusty's Welding Serv., Inc. v. Gibson, 29

---

[1] One commentator has cautioned as follows:

> [O]ne should not lose sight of the possibility that, if immunity could be purchased merely at the cost of printing and posting rules, the employer might be tempted to post rules forbidding every conceivable potentially injurious practice. Anyone who has been in a factory knows that there is quite enough reading matter of that character already available, what with warnings, cautions, prohibitions, and keep-out signs all over the place. It is not unfair to expect the employer to prove, in the light of the disastrous impact of these defenses on the employee, that it did indeed bring the rule to the conscious attention of the employee by something more than the constructive notice that goes with pinning a set of regulations on a bulletin board.

2 Larson, supra, § 35.02 (noting that failure to read a posted rule might be negligence but that "its violation could not be willful unless it had been effectively brought home to [a] claimant").

- 3 -

Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc). In determining whether credible evidence exists to support the commission's findings of fact, "the appellate court does not retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## A. EXISTENCE OF A RULE KNOWN TO AND VIOLATED BY CLAIMANT

The evidence, viewed in the light most favorable to employer, establishes that although employer did not train claimant concerning the operation and cleaning of the slicer, claimant had used a slicer in his previous employment. The evidence also established that safety rules governing the operation of the slicer were posted directly above it and, most importantly, that claimant admitted he "knew . . . [he was] supposed to unplug the machine before cleaning it." This evidence supported the commission's implicit finding that claimant was familiar with the safety rule at issue despite his statement to the contrary. See, e.g., United Airlines v. Hayes, 58 Va. App. 220, 238, 708 S.E.2d 418, 427 (2011) ("In determining the credibility of any witness, the fact finder may accept the parts of a witness' testimony it finds believable and reject other parts as implausible.").

The evidence also supported a finding that claimant intentionally violated the known safety rule. Although claimant testified he unplugged the slicer before cleaning it and implied that someone else must have plugged it in again, the evidence, viewed in the light most favorable to employer, is that claimant, who had already removed the slicer's visible safety equipment and handle for cleaning, was away from the machine for no more than five to ten seconds and that this provided an insufficient amount of time for anyone else to plug the machine back in. Claimant admitted that no one would have attempted to operate the slicer without its handle. Based on the fact that the slicer came on when clamant began to clean it, the commission was entitled to disbelieve his testimony that he unplugged the machine before cleaning it. This

evidence supported the commission's finding that claimant, by cleaning the slicer without unplugging it, willfully violated a known safety rule. See Riverside & Dan River Cotton Mills, Inc. v. Thaxton, 161 Va. 863, 870-72, 172 S.E. 261, 263-64 (1934) (reversing award of benefits to family of electrician who was killed when he unintentionally came into contact with a power line while replacing light bulbs, which he undertook without first disconnecting power to adjoining power lines as required by a rule of his employer).

B. VALIDITY OF DEFENSE BASED ON LACK OF ENFORCEMENT OF RULE

Claimant contends the evidence defeats employer's willful-violation-of-a-safety-rule defense for his failing to follow the rule requiring unplugging of the slicer before cleaning, because it shows employer did not enforce the rule directing employees "**NEVER** [To] Touch This Machine Without Training And Authorization From Your Supervisor" and to "Read Owner's And Operator's Manual First."

Whether the evidence is sufficient to demonstrate a safety rule was or was not strictly enforced[2] is a mixed question of fact and law reviewable on appeal. Gwaltney of Smithfield, Ltd. v. Hagins, 32 Va. App. 386, 393, 528 S.E.2d 162, 165-66 (2000). The rationale behind the

---

[2] A conflict of law appears to exist in Virginia over whether an employer bears the burden of proving strict enforcement as part of a willful-violation-of-a-safety-rule defense, or whether, once an employer establishes the willful violation of a safety rule, the burden shifts to the claimant to rebut that defense by proving employer's *lack* of strict enforcement. Compare Peanut City Iron & Metal Co. v. Jenkins, 207 Va. 399, 403, 150 S.E.2d 120, 123 (1966) ("*[I]n order for [the employer and carrier] to prevail* upon the defense of 'wilful misconduct', on the ground that claimant intentionally violated a well known safety rule, *they* had to show that the rule was strictly enforced by the employer." (emphases added)), with Buzzo, 17 Va. App. at 332, 437 S.E.2d at 208 ("*[T]he employee* may rebut the defense by showing that the rule was not kept alive by bona fide enforcement . . . ." (emphasis added)), quoted with approval in Gwaltney of Smithfield, Ltd. v. Hagins, 32 Va. App. 386, 393, 528 S.E.2d 162, 165 (2000), and Adams ex rel. Boysaw v. Hercules, Inc., 21 Va. App. 458, 464, 465 S.E.2d 135, 138 (1995).

We need not resolve this issue because claimant does not contend employer failed to enforce the safety rule requiring unplugging the slicer before cleaning. As discussed *infra* in the text, claimant's claim of lack of enforcement pertains to a different slicer safety rule which we hold does not implicate the rule claimant was found to have violated.

principle that non-enforcement negates proof of a willful violation is fairness to a claimant. Where "violations [of a rule] occur under circumstances charging the employer with knowledge and acquiescence," Kremposky, 227 Va. at 270-71, 315 S.E.2d at 234, the rule is "not kept alive by bona fide enforcement," Buzzo, 17 Va. App. at 332, 437 S.E.2d at 208, and the employer cannot expect a claimant to attach to the rule any more importance than the employer does. This principle, however, does not necessarily relieve a claimant of the duty of following all of an employer's related safety rules.

Here, claimant avers, in essence, that employer's failure to enforce one rule regarding a particular piece of machinery necessarily negates an employee's duty to follow all rules related to that piece of machinery. We reject that assertion and hold, on the facts of this case, that employer's failure to enforce the safety rule requiring employees to read the slicer manual and undergo training prior to operating the slicer does not negate employer's more specific safety rule requiring employees to unplug the slicer prior to cleaning it. An employer's failure to enforce its rule requiring training before operating a particular piece of equipment may be relevant to determining whether the employee had *knowledge* of the existence of more specific safety rules applicable to that equipment, which is critical to determining whether the employee's failure to follow a particular rule was willful, see Kremposky, 227 Va. at 269, 315 S.E.2d at 234; King, 148 Va. at 592, 139 S.E. at 480, but that lack of training does not permit an employee to infer employer's failure to enforce all rules related to that piece of equipment. This is particularly true on the facts of this case, which proved claimant learned how to operate a slicer in his previous employment and knew he was supposed to unplug the machine before cleaning it. Thus, the record fails to establish any error on this issue.

## II.

For these reasons, we hold credible evidence proves claimant's willful violation of a known safety rule and does not prove employer failed to enforce the rule. Thus, we affirm the commission's denial of benefits.

<u>Affirmed.</u>