COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Huff,* Judges Chafin and Decker
Argued at Richmond, Virginia

<div style="transform: rotate(-90deg)">UNPUBLISHED</div>

J. L. KENT & SONS, INC. AND
 COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURANCE ASSOCIATION/
 THE LANDIN COMPANIES                             MEMORANDUM OPINION** BY
                                                   CHIEF JUDGE GLEN A. HUFF
v.       Record No. 1161-14-2                         JANUARY 27, 2015

RICHARD KILBY

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Daniel E. Lynch (John T. Cornett, Jr.; Lynch & Cornett, P.C., on
            briefs), for appellants.

            George Townsend (Amber H. Russo; HammondTownsend, on
            brief), for appellee.


     J. L. Kent & Sons, Inc. and Commonwealth Contractors Group Self-Insurance

Association/The Landin Companies (collectively "employer") appeal a decision of the Virginia

Workers' Compensation Commission ("commission") finding that claimant's injuries to his

bilateral sacroiliac joints ("SI joints") were not barred by the statute of limitations.  On appeal,

employer asserts that the commission erred 1) in finding that the claimant's claim seeking

medical treatment relative to his SI joints was not barred by the statute of limitations despite such

claim not being filed within two years of the date of his accident; and 2) awarding the claimant

---

        *  On January 1, 2015 Judge Huff succeeded Judge Felton as chief judge.

        **  Pursuant to Code § 17.1-413, this opinion is not designated for publication.

benefits pursuant to the Act relative to his SI joints.  For the following reasons, this Court affirms the rulings of the commission.

## I.  BACKGROUND

On appeals from the commission, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  If supported by credible evidence, the commission's factual findings are "binding on appeal," Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315 (2002), "even though there is evidence in the record to support a contrary finding," Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).  When "determining whether credible evidence exists," we cannot "retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).  So viewed, the evidence is as follows.

On February 14, 2011, claimant suffered a compensable work-related injury after he was "involved in a motor vehicle accident while driving employer's truck."  On April 9, 2012, the commission entered an award for temporary total disability benefits for claimant.  Specifically, the commission determined claimant suffered "[f]ractured ribs, right leg abrasion and forehead laceration."  On June 12, 2012 and October 11, 2012, claimant sought additional relief for injuries to his back and spine and approval of a lumbar MRI recommendation.

At a hearing before the deputy commissioner on April 22, 2013, claimant requested relief "for his [SI joints]" and "repayment of his payment of medical bills and also mileage."  At the hearing, claimant indicated he "had a previous injury to [his] back" and received a "triple

laminectomy." Claimant stated, however, that after the February 14, 2011 accident he experienced new pain and symptoms in both of his hips and legs. Because of the new pain, claimant received treatment from Dr. Robert Squillante ("Squillante"), who previously performed claimant's triple laminectomy. Squillante provided injections to treat claimant's pain in his SI joints between 2009 and 2013, however, Squillante indicated the frequency of the injections began to increase in the summer of 2013. Squillante stated that claimant's major issue is "both of his SI joints" and "[a]s of late he's required . . . large numbers of shots." On September 18, 2013, the deputy commissioner released its opinion and found

> no medical evidence stating the claimant's [SI] joint condition is a compensable consequence of his original injuries. In fact, we find that the condition was pre-existing and aggravated by the February 14, 2011, accident, but such an aggravation must have been claim[ed] in a timely manner. Therefore, we find that his claim for recognition of his SI joint condition as an original injury is barred by the statute of limitation pursuant to Virginia Code Section 65.2-601.

Claimant filed a timely request for review by the commission. Claimant argued "his claim for injuries to the [SI] joints were subsumed within his claim for back and spine injuries . . . ."

On May 27, 2014, the commission issued its opinion affirming in part and reversing in part the deputy commissioner's findings. Specifically, the commission relied on Corporate Res. Mgmt. v. Southers, 51 Va. App. 118, 655 S.E.2d 34 (2008), and found that

> the claimant consistently reported pain and stiffness in both his back and his SI joints. Over time the claimant's treating physician was able to determine that his low back pain was caused by SI joint instability. The claimant's symptoms did not change; his diagnosis did. We find that applying the statute of limitations bar would not be in accord with the "humane and beneficent purposes of the act." Bradshaw v. Aronovitch, 170 Va. 329, 336, 196 S.E. 684, 686 (1938). As a result we will enter an award for medical benefits, including treatment of the claimant's SI joints.

This appeal followed.

## II. STANDARD OF REVIEW

"Factual findings of the commission will not be disturbed on appeal unless plainly wrong or without credible evidence to support them." Ga. Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993) (citation omitted). "'If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding.'" Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408, 598 S.E.2d 750, 751 (2004) (quoting Morris, 3 Va. App. at 279, 348 S.E.2d at 877).

"When, however, there is 'no conflict in the evidence the question of the sufficiency thereof is one of law.'" Gwaltney of Smithfield, Ltd. & Travelers Indem. Co. v. Hagins, 32 Va. App. 386, 392, 528 S.E.2d 162, 165 (2000) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)). "Unlike questions of fact, which are binding on this Court if supported by evidence, we review questions of law *de novo*." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (citing Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996)).

## III. ANALYSIS

### A. Statute of Limitations

Employer asserts that the commission erred in finding that the claim seeking medical treatment relative to claimant's SI joints was not barred by the statute of limitations despite not being filed within two years of the date of his accident. Specifically, employer relies on the Supreme Court's decision in Shawley v. Shea-Ball Constr. Co., 216 Va. 442, 219 S.E.2d 849 (1975), and contends that claimant never informed the commission of SI joint problems, despite a history of SI joint issues, until he filed for benefits with the commission beyond the two-year

limitation period. Claimant counters that <u>Southers</u>, 51 Va. App. 118, 655 S.E.2d 34, is controlling in the current matter and that claimant adequately complained of SI joint pain during the limitations period.

Code § 65.2-601 provides that "[t]he right to compensation under the [Workers' Compensation Act] shall be forever barred unless a claim be filed with the Commission within two years after the accident." On appeal, "[w]hether the information filed with the commission is sufficient to constitute a timely filed claim for a particular injury is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence." <u>Southers</u>, 51 Va. App. at 127, 655 S.E.2d at 38.

In <u>Shawley</u>, the Supreme Court determined that claimants must specify, within the period of limitations, all injuries suffered from the work-related accident. 216 Va. at 446, 219 S.E.2d at 853. In support of its holding, the Supreme Court enumerated reasons for requiring a claimant to file a timely claim for all injuries.[1] In <u>Southers</u>, 51 Va. App. 118, 655 S.E.2d 34, however, this Court distinguished <u>Shawley</u> and determined that the statute of limitations did not bar all claims filed outside of the limitations period. Specifically, this Court held that claimant's

> timely claim for a left shoulder injury and her consistent complaints to her medical providers of pain in her left shoulder radiating into her neck gave [the employer] all the notice it needed to meet the objectives that <u>Shawley</u> termed "compelling" reasons requiring the timely filing of a claim for all injured body parts.

---

[1] The Supreme Court indicated that "[f]ailure to give such notice within [the limitations period] from an accident would seriously handicap the employer and the carrier in determining whether or not there was in fact an injury, the nature and the extent thereof, and if related to the accident." 216 Va. at 446, 219 S.E.2d at 853.

Id. at 130, 655 S.E.2d at 40. Additionally, this Court indicated that the actual injury causing the pain was not properly diagnosed for an extensive period of time and, therefore, "[c]laimant should not be penalized because her physicians were not initially successful in identifying the source of her symptoms . . . ." Id. at 131, 655 S.E.2d at 40. Accordingly, this Court held that the statute of limitations did not bar claimant's additional claim for benefits covering the cervical spine facet joint. Id. at 133, 655 S.E.2d at 41.

In the current matter, claimant's initial filing indicated he suffered broken ribs and lacerations from the February 14, 2011 compensable accident. On June 12, 2012 and October 10, 2012, however, claimant filed additional claims for benefits citing injuries to his back and spine. Moreover, claimant included medical records in his claims for benefits that cited lumbar and cervical pain and increased injections in his SI joints. Additionally, Dr. Squillante indicated that claimant's major issue is "both of his SI joints" and "[a]s of late he's required . . . large numbers of shots." Despite suffering from SI joint pain since 2009, Dr. Squillante indicated that claimant has recently required an increasing number of shots to ease the pain in his SI joints.

Similar to this Court's ruling in Southers, claimant consistently reported pain in his back and SI joints from 2009 through 2013. Despite the reoccurring SI joint pain, Dr. Squillante was unable to determine that claimant's lower back pain was caused by his SI joints until claimant's SI joint pain increased, which required a large number of shots. Considering these facts, the commission determined that "claimant's symptoms did not change; his diagnosis did." "Although, we are not bound by the commission's legal analysis in this or prior cases, we give great weight to the commission's construction of the Act, and we defer to the commission's factual findings if supported by credible evidence in the record." Bay Concrete Constr. Co. v. Davis, 43 Va. App. 528, 538-39, 600 S.E.2d 144, 150 (2004) (citations omitted). Accordingly, this Court holds that the commission did not err in determining that application of the statute of

limitations would be inconsistent with the "human and beneficent purposes of the act."

Bradshaw, 170 Va. at 336, 196 S.E. at 686 (citations omitted).[2]

## IV. CONCLUSION

This Court holds that the commission did not err in its determination that the claim relating to SI joints was not barred by the statute of limitations despite such claim not being filed within two years of the date of his accident. Accordingly, this Court affirms the rulings of the commission.

Affirmed.

---

[2] Employer additionally asserts in its second assignment of error that "the full commission erred in awarding the claimant benefits pursuant to the Act relative to his [SI joints]." Employer contends that the commission erred because his claim was barred by the statute of limitations. After having determined that the commission did not err in finding claimant's claim for benefits timely, employer's second assignment of error fails.