COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Decker and O'Brien
Argued at Richmond, Virginia


VICTORIA'S SECRET AND
  GALLAGHER BASSET SERVICES

v.       Record No. 0212-17-2

NICOLE MAULDIN

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
JULY 18, 2017


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Ryan Furgurson (Setliff & Holland, P.C., on briefs), for appellant.

Andrew S. Kasmer (Law Offices of Andrew S. Kasmer, on brief),
for appellee.


Victoria's Secret and its insurer (collectively, "employer") appeal the

January 10, 2017 decision of the Workers' Compensation Commission (the "commission")

affirming the deputy commissioner's determination that Nicole Mauldin ("Mauldin") suffered an

injury that was compensable under the Workers' Compensation Act (the "Act").  Employer

contends that the commission erred when it (1) refused to consider after-discovered evidence,

(2) refused to dismiss the claim due to Mauldin's concealment of her medical history; (3) found

that Mauldin suffered a continuing causally related disability; (4) found that Mauldin established

a treating relationship with one of her physicians; and (5) disregarded the employer's medical

expert in favor of Mauldin's physician.  Mauldin assigns cross-error, asking this Court to impose

sanctions on counsel for employer because there are no reasonable grounds for the after-

discovered evidence assignment of error.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On January 9, 2016, Mauldin "fell from the top step of [an approximately five-]foot ladder while restocking lingerie" as an Assistant Manager at Victoria's Secret. In her claim for medical benefits, which she filed on January 20, 2016, Mauldin claimed that the fall injured her "neck, right shoulder, back, right hip, head, [and] right leg." Among Mauldin's resulting physical issues were pain in the lower back and numbness and tingling in the right leg.

During the discovery process and at the June 2, 2016 evidentiary hearing, employer asked Mauldin on multiple occasions whether she had previously suffered from injuries or pain similar to those asserted in her claim for benefits. On each occasion, Mauldin responded that she had never experienced such injuries or pain, aside from a fall she took in 2010 from which she had since completely recovered.

On June 13, 2016, eleven days after the evidentiary hearing before the deputy commissioner, counsel for employer received medical records from Mauldin's primary care provider.[1] The records indicated that on December 15, 2015—approximately three weeks before Mauldin's work injury—Mauldin sought treatment for "a chief complaint of constant (but worse at times) back pain of the lower back . . . . It has the following qualities: aching and shooting. The patient describes the severity as [seven out of ten], with [ten] being the worst imaginable." The physical exam that day also indicated "right lower extremity: range of motion reduced[;] . . . right hip tenderness" and indicated that Mauldin "report[ed] numbness and tingling to right hip that travels down right leg at times when pain is bad." Mauldin did not disclose the December 15, 2015 doctor's visit and accompanying issues to *any* of her medical providers subsequent to the January 9, 2016 work accident.

---

[1] Because this medical provider is located in Maryland, employer did not use a Virginia subpoena to acquire the records. Instead, employer obtained authorization from Mauldin and requested the records from the medical provider on March 25, 2016. Employer then followed-up on May 6 and June 3, 2016, before receiving the records on June 12, 2016—a Sunday. Thus, employer did not actually review the records until Monday, June 13, 2016.

The deputy commissioner issued his opinion on June 14, 2016, one day after employer received Mauldin's undisclosed medical records. Thereafter, employer filed a motion to reconsider and motion to dismiss Mauldin's claim based on her failure to disclose the records of her prior non-workplace injury. The deputy commissioner denied both motions, and employer requested a full commission review. In its request for review, employer alleged that the December 15, 2015 medical records constituted after-discovered evidence.

The commission affirmed the deputy commissioner's decision and declined to consider the after-discovered evidence because "[t]his information was available and could have been obtained prior to the date that the record closed by the exercise of due diligence."

"On appeal, this Court views the evidence in the light most favorable to the prevailing party below." Van Buren v. Augusta Cty., 66 Va. App. 441, 444, 787 S.E.2d 532, 533 (2016) (quoting Town & Country Hosp., LP v. Davis, 64 Va. App. 658, 660, 770 S.E.2d 790, 791 (2015)). Here, Mauldin was the prevailing party. "[T]his Court is only bound by the '[c]ommission's findings of fact as long as there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved, even if there is evidence in the record that would support a contrary finding.'" Newport News Shipbuilding & Dry Dock Co. v. Wardell Orthopaedics, P.C., 67 Va. App. 404, 412-13, 796 S.E.2d 461, 466 (2017) (quoting Anderson v. Anderson, 65 Va. App. 354, 361, 778 S.E.2d 132, 136 (2015)). However, "[s]uch deference to the [c]ommission does not extend to questions of law, which we review *de novo*." Wardell Orthopaedics, P.C., 67 Va. App. at 413, 796 S.E.2d at 466 (quoting Anderson, 65 Va. App. at 36, 778 S.E.2d at 136). When there is "no conflict in the evidence, the question of the sufficiency thereof is one of law." Gwaltney of Smithfield, Ltd. v. Hagins, 32 Va. App. 386, 392, 528 S.E.2d 162, 165 (2000) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)); see also Hilton v. Martin, 275 Va. 176, 180, 654 S.E.2d 572, 574

(2008). Thus, we review whether the commission erred in refusing to consider after-discovered evidence *de novo*, because there is no conflict in the evidence as to the facts establishing the elements of after-discovered evidence. See Hagins, 32 Va. App. at 392, 528 S.E.2d at 165; Hilton, 275 Va. at 180, 654 S.E.2d at 574.

Rule 3.3 of the Rules of the Virginia Workers' Compensation Commission states that a record may be reopened for the consideration of additional evidence "only when it appears to the [c]ommission that such course is absolutely necessary and advisable and also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence." The requirements for establishing after-discovered evidence are: "(1) the evidence was obtained after the hearing; (2) *it could not have been obtained prior to hearing through the exercise of reasonable diligence*; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995) (emphasis in original).

In Mize v. Rocky Mt. Ready Mix, Inc., 11 Va. App. 601, 614, 401 S.E.2d 200, 207 (1991), this Court reversed and remanded a case for consideration of after-discovered evidence. In that case, there were two issues with potential after-discovered evidence. In the first, an attorney mistakenly omitted particular medical records from the evidence in the case. Id. at 614, 401 S.E.2d at 207. We affirmed the commission's decision *not* to reopen the record for those documents because "[f]ailing to obtain the medical records which were available and known does not constitute due diligence." Id. However, there were further medical documents which represented the claimant's additional medical treatment, rendered after the evidentiary hearing but before the commission review, which could have changed the findings as to claimant's condition. Id. at 614-15, 401 S.E.2d at 207-08. Regarding these medical documents, we noted,

> [W]here, as here, pending the review hearing[,] additional medical treatment has occurred which has resulted in a diagnosis being made or findings reported which are material to determining the nature and character of the claimant's condition, the extent of incapacity, or the etiology of any disability, the commission . . . would be remiss in discharging its duty under Code § 65.1-97[2] by failing to reopen and receive and consider such evidence.

Id. at 614, 401 S.E.2d at 207-08.  For that reason, we reversed and remanded the case for consideration of those medical documents, because a failure to do so would result in the claimant's claim becoming *res judicata* if the new medical records indicated the injury was actually compensable.  Id. at 615, 401 S.E.2d at 208.

In this case, employer submitted a request for review which alleged all the elements required to establish that the December 15, 2015 medical records constituted after-discovered evidence.  The commission had the power through Rule 3.3 to reopen the record on its own accord, so long as it was "necessary and advisable" and the elements for after-discovered evidence could be established.  Here, each of these requirements was fulfilled.

First, the medical records here were obtained after the evidentiary hearing but before the full commission review, just as the records in Mize.  Further, the medical records here were "material to determining the nature and character of [Mauldin]'s condition," Mize, 11 Va. App. at 614, 401 S.E.2d at 208, because they indicated that her conditions may not have been caused by her workplace injury.  Although the records in this case did not constitute medical records created as a result of *new* medical examinations, as those in Mize, that distinction is irrelevant here because the medical records in this case, although requested promptly, were unobtainable without timely cooperation from the medical office in possession of the records.  The undisclosed medical records in this case were not "available and known" to employer, because Mauldin specifically denied having had similar issues in the past, and employer had no reason to

---

[2] This Code section is now codified at § 65.2-705.

believe any medical records would show otherwise. Finally, employer's request for review specifically alleged all the facts and law necessary to warrant a hearing to establish after-discovered evidence.

However, the commission, declined to hold a hearing permitting employer the opportunity to establish the facts it alleged on the question of whether the medical documents constituted after-discovered evidence by faulting employer for employee's medical provider's slow handling of the medical records and Mauldin's apparent concealment of the same. Thus, since the nature and origin of Mauldin's injury are central to this case and because employer made a proper facial showing that it could establish the requirements for after-discovered evidence, we hold that the commission erred when it failed to reopen the record pursuant to Rule 3.3 and hold an additional hearing to consider whether the December 15, 2015 medical records constituted after-discovered evidence sufficient to warrant modification of the commission's earlier decision.

Because we agree with employer on its first assignment of error, we need not consider the additional assignments of error and we deny Mauldin's request to impose sanctions on employer for this appeal. For the aforementioned reasons, we reverse and remand the case to the commission to re-open the record for an evidentiary hearing on employer's motion to re-consider the decision of the commission based upon after-discovered evidence.

<u>Reversed and remanded.</u>