Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Agee, JJ., and Russell, S.J.

FRED HILTON, ADMINISTRATOR
OF THE ESTATE OF COURTNEY
LEIGHANN HILTON RHOTON, DECEASED

OPINION BY
v. Record No. 070091     SENIOR JUSTICE CHARLES S. RUSSELL
January 11, 2008
JOSHUA PHILLIP MARTIN, ET AL.


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

This action to recover damages for personal injury and
resulting death arose from an assault on the victim by a
fellow employee "in the course of" their mutual employment.
The sole question on appeal is whether the trial court erred
in dismissing the plaintiff's case on the ground that it
involved an "injury arising out of" her employment and
therefore that the Virginia Workers' Compensation Act, Code
§§ 65.2-100 et seq. (the Act), provided the exclusive remedy
for the plaintiff's claims.

Facts and Proceedings

The material facts are undisputed. On June 1, 2005,
Courtney Leighann Hilton Rhoton (Courtney), an emergency
medical services provider, was seated on the passenger side of
the front seat of an ambulance owned by Highlands Ambulance
Service, Inc. (Highlands) while it was traveling on the
highway. Seated beside her was the driver, Michael V.

Coleman. Joshua Philip Martin was riding in the rear of the ambulance. Coleman and Martin were both emergency medical technicians and all three occupants of the ambulance were employees of Highlands. At the time in question, they were returning in the ambulance to Highlands' office after lunch.

The plaintiff alleged that Martin had a reputation as a "kid in an adult's body," that he had a tendency to "harass his female co-workers" and that he "exhibited childish and immature behavior." As the ambulance neared Highlands' office, Martin turned on the power to a manual cardiac defibrillator that was in the rear of the ambulance, adjusted its energy to 150 joules, and picked up the defibrillator paddles. With the paddles in his hands, he turned toward the front of the ambulance and told Courtney, "I'm going to get you." Courtney screamed, "Get those away from me," and pushed Martin back. He turned away from her and appeared to be replacing the paddles in the unit. Suddenly, he again came toward her, striking Courtney with the paddles on the left shoulder and left breast, while simultaneously activating them. Courtney screamed, "[h]e shocked me," and appeared to be having a seizure.

Coleman called his office to have emergency treatment available and drove directly there. Greta Caudill, a licensed paramedic employed by Highlands, transferred Courtney to

2

another ambulance and transported her to a hospital, assessing Courtney's condition as "altered state of consciousness, cardiac arrest, respiratory arrest and electrocution." Courtney never regained consciousness and died on June 4, 2005 of "electrocution and cardiac arrest caused by being hit with a charged defibrillator." Burn marks were present at the points where the defibrillator paddles had made contact with her body.

Fred Hilton, Courtney's father, qualified as administrator of her estate and brought this action against Martin, Highlands and Greta Caudill. The complaint included counts for assault and battery against Martin and Highlands, medical malpractice against Greta Caudill and Highlands, and negligent hiring and negligent retention against Highlands. The defendants filed pleas in bar, asserting that the plaintiff's sole remedy was provided by the Act. The parties submitted the case to the trial court on the pleadings, depositions and arguments of counsel. The court, by letter opinion, ruled that the "accident" arose out of and in the course of the employment and that the plaintiff's exclusive remedy was as provided by the Act. The court then entered an order sustaining the pleas in bar as to all counts[1] and

---

[1] The Administrator argued that the medical malpractice claim was not covered by the Act, citing our decision in

3

dismissed the complaint.  We awarded the Administrator an appeal.

Analysis

A plea in bar presents a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party has the burden of proof on that issue. Weichert Co. of Virginia v. First Commercial Bank, 246 Va. 108, 109 n.*, 431 S.E.2d 308, 309 n.* (1993).  In this appeal, we are presented solely with a question of law concerning the trial court's application of the law to essentially undisputed facts.  Therefore, we apply a de novo standard of review. Janvier v. Arminio, 272 Va. 353, 363, 634 S.E.2d 754, 759 (2006).

An "injury" falls within the scope of the Act only if it results from an "accident" and arises out of and in the course of the injured person's employment.  Code § 65.2-101.  If the injury meets those tests, the rights provided by the Act are the sole remedies for the injury, to the exclusion of any other rights and remedies "at common law or otherwise, on account of such injury, loss of service or death."  Code

---

Fauver v. Bell, 192 Va. 518, 65 S.E.2d 575 (1951).  The trial court held that case inapplicable because the party charged with malpractice here was a co-worker.  Because of the view we take of the applicability of the Act under the facts of this case, we do not reach that question.

§ 65.2-307.  To the extent that an employee's injury does not meet the statutory tests for coverage under the Act, the employee's common-law remedies are preserved unimpaired. Butler v. Southern States Cooperative, Inc., 270 Va. 459, 465, 620 S.E.2d 768, 772 (2005).

Here, it is undisputed that Courtney's fatal injury arose in the course of her employment.  Therefore, the sole question before us on appeal is whether the circuit court erred in finding from the undisputed facts that her injury also was one "arising out of" her employment.  In considering the "arising out of" prong, we do not apply the "positional risk" test, whereby simply sustaining an injury at work is sufficient to establish compensability.  Rather, we adhere to the "actual risk" test, under which the injury comes within the Act only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done.  Id.

We have considered a number of cases involving assaults upon employees[2] and it is unnecessary to revisit them in

---

[2] See e.g., Reamer v. National Service Industries, 237 Va. 466, 471, 377 S.E.2d 627, 630 (1989); Metcalf v. A. M. Express Moving Systems, Inc., 230 Va. 464, 470, 339 S.E.2d 177, 181 (1986); City of Richmond v. Braxton, 230 Va. 161, 165, 335 S.E.2d 259, 262 (1985); see also Hopson v. Hungerford Coal Co., 187 Va. 299, 305-06, 46 S.E.2d 392, 395 (1948); A. N. Campbell & Co. v. Messenger, 171 Va. 374, 377-78, 199 S.E.

5

detail. All adhere to a common principle: "If the assault is personal to the employee and not directed against him as an employee or because of his employment, the [resulting] injury does not arise out of the employment." Richmond Newspapers v. Hazelwood, 249 Va. 369, 373, 457 S.E.2d 56, 58 (1995) (citations omitted). That principle controls the present case.

It is immaterial whether the assailant's subjective motivation is playful, amorous, vindictive, or hostile. An injury resulting from an assault arises out of the injured person's employment when it is directed at the victim as an employee.

Such an injury also arises out of the employment when the conditions under which the employer requires the work to be done are a contributing cause of the injury. Therefore, the assailant's unauthorized use of a tool that happened to be available at the workplace is immaterial. Unauthorized use of the employer's equipment is not probative on the question whether the employer's workplace requirements were a contributing cause of the injury.

The evidence in the present case clearly establishes that Martin's assault had no relationship with Courtney's status as

---

511, 513 (1938); Continental Life Ins. Co. v. Gough, 161 Va. 755, 759-60, 172 S.E. 264, 266 (1934).

an employee.  Whether intended as flirtatious, merely playful, or as harassment, it was purely personal.  Further, the employer's workplace requirements had no causal connection with the risk of injury by assault.  Martin's decision to use the employer's equipment in assaulting a fellow employee was entirely his own and unconnected with the conditions of the employment.  Therefore, the injury resulting from the assault did not arise out of the employment.

## Conclusion

Because the circuit court erred in sustaining the plea in bar, we will reverse the judgment and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.