COURT OF APPEALS OF VIRGINIA


Present:   Judge Frank, Senior Judge Willis and Retired Judge Hodges[*]


ESTATE OF COURTNEY HILTON RHOTON

                                                    MEMORANDUM OPINION[**]
v.      Record No. 0484-07-3                              PER CURIAM
                                                         MAY 20, 2008
HIGHLANDS AMBULANCE SERVICE AND
  COMPANION PROPERTY & CASUALTY
  INSURANCE COMPANY


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (Julia L. McAfee; Jeffrey A. Sturgill; Carl E. McAfee, P.C.; Sturgill
           & Kennedy, on brief), for appellant.  Appellant submitting on brief.

           (Ramesh Murthy; Steven H. Theisen; PennStuart, on brief), for
           appellees.  Appellees submitting on brief.


       The Estate of Courtney Hilton Rhoton appeals a decision of the Workers' Compensation

Commission awarding benefits to the Estate against Highlands Ambulance Service

("Highlands") and its insurer for payment of reasonable burial and transportation expenses as set

forth in Code § 65.2-512(B), and for all reasonable and necessary medical treatment as provided

in Code § 65.2-603.  The Estate contends the commission erred in (1) finding that Courtney

Hilton Rhoton ("the decedent") suffered a compensable injury as defined in the Workers'

Compensation Act ("the Act"); (2) finding that the decedent's injuries and death arose out of her

employment; (3) failing to consider and find that assault upon the decedent by her co-worker,

--------------------------------------------------

       [*] Retired Judge William H. Hodges took part in the consideration of this case by
designation pursuant to Code § 17.1-400(D).

       [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Joshua Phillip Martin, was of a personal nature; and (4) finding the claim compensable, in that the decedent's death was precipitated by medical malpractice, neglect, or breach of the standard of care to which she became entitled as a patient of Highlands.

On January 11, 2008, the Virginia Supreme Court issued its opinion in a civil action brought by the administrator of the decedent's estate against Martin, Highlands, and Greta Caudill, seeking to recover damages for personal injury and resulting death. See Hilton v. Martin, 275 Va. 176, 654 S.E.2d 572 (2008). In that case, the Supreme Court ruled that the decedent's injury and death resulting from Martin's assault did not arise out of the decedent's employment. Id. at 181, 654 S.E.2d at 575. Thus, the Supreme Court held that the circuit court erred in sustaining the pleas in bar filed by Martin, Highlands, and Caudill, alleging that the administrator's sole remedy was provided by the Act. Id. The Supreme Court reversed the circuit court and remanded the civil case for further proceedings consistent with its opinion. Id.

Based upon the Supreme Court's decision and for the reasons fully stated therein, we reverse the commission's award and its holding that the decedent's injury and death arose out of her employment. In light of this ruling, we need not address Question (4).

                                                                                    Reversed.