COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Beales and Senior Judge Clements
Argued at Richmond, Virginia


AMPARO SANCHEZ-CASTRO

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0528-14-2                 JUDGE RANDOLPH A. BEALES
                                                    OCTOBER 14. 2014

ARLINGTON COUNTY SCHOOLS
 AND VML INSURANCE PROGRAMS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Timothy W. Barbrow for appellant.

            Douglas A. Seymour (Siciliano, Ellis, Dyer & Boccarosse, on brief),
            for appellees.


        Amparo Sanchez-Castro (claimant) appeals the order of the Virginia Workers'

Compensation Commission (commission) finding that claimant's February 24, 2012 workplace

injury was not compensable because it did not arise out of her employment.  In her lone

assignment of error before this Court, claimant argues that the commission erred in finding that

she failed to establish that her injury was causally related to the conditions of her employment.

For the following reasons, we affirm the commission's decision.

                                    I.  BACKGROUND

        "Under settled principles of appellate review, 'we view the facts and all inferences

reasonably deducible therefrom in the light most favorable' to employer, since it was the

prevailing party" in the commission.  Mouhssine v. Crystal City Laundry, 62 Va. App. 65, 73,

741 S.E.2d 804, 809 (2013) (quoting Bassett Furn. Indus., Inc. v. McReynolds, 216 Va. 897,

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

899, 224 S.E.2d 323, 324 (1976)); see also Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (en banc). Furthermore, this Court on appeal "cannot 'retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses.'" McKellar v. Northrop Grumman Shipbuilding Inc., 63 Va. App. 448, 451, 758 S.E.2d 104, 105 (2014) (quoting Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

In this case, it is undisputed that Arlington County Schools (employer) employed claimant as a custodian on the date of her injury and that she was present in a school kitchen during her working hours when she was injured. According to the evidence in the record, claimant was positioned near a sink when she felt that she was beginning to fall. Although claimant lost her balance, she was able to prevent herself from actually falling to the floor by grabbing onto a sink. However, claimant suffered a torn rotator cuff in her right shoulder. Claimant timely filed a claim for medical benefits, as well as for temporary total disability benefits and permanent partial disability benefits. Employer asserted, *inter alia*, that the shoulder injury was not compensable because it was not causally related to the conditions of claimant's employment.[1]

Claimant provided testimony describing the circumstances leading up to her injury both at a deposition and at the evidentiary hearing before the deputy commissioner. On both occasions, claimant was represented by counsel and claimant testified via an interpreter. At the deposition, employer's counsel asked claimant to describe the circumstances that led to her shoulder injury. Claimant replied:

---

[1] While claimant alleged injuries to her back, neck, and shoulder in her claim for benefits, only the shoulder injury is before this Court on appeal. In addition, the full commission did not address in its review opinion employer's allegation that claimant did not adequately market her residual work capacity – and neither party has raised that issue on appeal.

The area where they washed the plates, the sink, that area, I always had to dump water because it was always very dirty. I was going to grab the broom here,[2] and when I turned around, I felt that I was going to fall. I looked quickly to see what I could grab, and I hit there in here (indicating), and then my arm went around like this in the hole of the sink. I did not put any import to it, and I kept working.

Claimant and employer's counsel also had the following exchange at the deposition:

Q: Did your knees bend or buckle?

A: Yes, a lot. The floor was wet.

Q: You said your knees bent a lot?

A: Yes. The right foot did more force.

Q: You said the floor was wet?

A: Yes.

However, claimant never actually stated during the deposition that she began to fall because the floor was wet. When employer's counsel asked claimant if she knew *why* she felt like she was going to fall, claimant replied, "No."[3]

At the evidentiary hearing, claimant testified on direct examination:

A: So I was cleaning and while so doing I just watered down the floor, I used the sweep to sweep the water away and that's when it happened.

Q: And what, and what specifically happened?

---

[2] It appears from claimant's testimony that the broom was the tool or implement used to push or "sweep" water from the kitchen floor.

[3] Claimant also testified at the deposition that no one else witnessed the accident, that she continued working after it occurred, and that she did not feel pain until later in the day. Medical provider notes show that claimant indicated that she felt dizzy before she began to fall. However, claimant at the deposition and at the evidentiary hearing denied ever stating that she had felt dizzy on the date of her injury. It does not appear that the full commission expressly found whether this particular portion of claimant's testimony was credible.

A:  When I was sweeping the water, *I don't know what happened*, I lost control and it was kinda significant for what I was doing, but I lost control and my hand went into the sink, it got into the hole, into the sink hole, that's when I quickly tried to find out what to get hold of and then I got hit on my ribs, on my hand and so not to fall, I got hold of this sink and that's when I hit my leg too.

Q:  So at the time of the accident, you were, you were sweeping?

A:  I was going to do that.

(Emphasis added).  The deputy commissioner then permitted claimant to demonstrate how the accident occurred.  Claimant explained:

I was walking this way, I got the sweeper, I turned towards this direction, I was going to sweep the water here.  When I turned here since I was doing this fast, *I don't know how it happened*, if I lost control and I went against the sink and I tried not to fall by getting a hold of the sink with my hand.  I was surprised how much damage I suffered relative to what happened.

(Emphasis added).  On cross-examination, employer's counsel followed up on claimant's statement during direct examination that she did not "know how it happened."  The cross-examination proceeded accordingly:

Q:  You don't know why you started to lose control, do you?

A:  When I grabbed the broom and I turned quickly.

Q:  Do you know why you started to fall?

A:  Because I lost control.

Q:  Why?

A:  *I don't know, I can't explain it,* I was doing my work fast.

(Emphasis added).

Twice more – once on cross-examination and once on re-direct examination – claimant testified that she did not know why she felt she was going to fall.  The deputy commissioner then examined claimant:

Q: Alright, I have a question. What do you mean by sweeping the water?

A: Because there you wash the floor with water.

Q: Was the – had you already washed the floor?

A: Yes.

Q: So was the floor wet?

A: Yes.

At that point, the deputy commissioner invited additional questioning of claimant. However, neither attorney asked claimant any further questions.

The deputy commissioner found that claimant's shoulder injury "arose out of a risk of employment and is compensable." In support of this conclusion, the deputy commissioner explained, "Although she did not specifically state that she slipped on the wet floor, we find it reasonable to infer that the wet floor caused or contributed to her loss of balance and the resulting injury."

On full commission review, a divided full commission found that "the testimony and evidence in the record" did not support the deputy commissioner's inference of causation. The full commission explained:

> At the hearing below, the claimant was questioned extensively by her own counsel as well as counsel for the defendants as to the manner in which the accident occurred and appears to have tried to answer the questions put to her to the best of her ability. She was unable, however, to detail what caused her to "lose control" and fall. Despite having many opportunities to attribute her fall to the wet floor, the claimant simply failed to do so. We conclude that the evidence presented is insufficient to allow us to infer that the claimant's injury occurred because she slipped on a wet floor.

In support of this conclusion, the full commission cited "claimant's repeated representations that she lost her balance for unknown reasons."

## II. ANALYSIS

A claimant "seeking compensation retains the burden of proving by a preponderance of the evidence that [the claimant] sustained a compensable injury." Williams v. Auto Brokers, 6 Va. App. 570, 571-72, 370 S.E.2d 321, 322 (1988). "An injury comes within the scope of the [Workers' Compensation] Act if it results from an accident arising out of and in the course of the injured employee's employment." Simms v. Ruby Tuesday, Inc., 281 Va. 114, 120, 704 S.E.2d 359, 362 (2011); see Code § 65.2-101 ("'Injury' means only injury by accident arising out of and in the course of the employment . . . ."). The parties here have never disputed whether claimant's injury occurred in the course of her employment. Instead, the contested issue in the commission and now on appeal is whether claimant satisfied her burden of proving that the injury arose out of her employment, as required by Code § 65.2-101.

Whether an injury arises out of the employment is a mixed question of law and fact. See, e.g., Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 307, 391 S.E.2d 609, 611 (1990). However, the parties here have focused on the factual question of whether the evidence established the required causal connection between claimant's injury and the conditions of her employment at the time she was injured. Under the actual risk test, the longstanding test for compensability in Virginia, an injury is compensable "'only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done.'" Simms, 281 Va. at 122, 704 S.E.2d at 363 (quoting Hilton v. Martin, 275 Va. 176, 180, 654 S.E.2d 572, 574 (2008)); see also AMP, Inc. v. Ruebush, 10 Va. App. 270, 274, 391 S.E.2d 879, 881 (1990) ("Causation is an essential element which must be proven by a claimant in order to receive an award of compensation for an injury by accident under [the] Act."). Causation is a question of fact. See Bass v. City of Richmond Police Dep't, 258 Va. 103, 114-15, 515 S.E.2d 557, 563 (1999); Ivey v. Jerry P. Puckett Constr. Co., 230 Va. 486, 488, 338

S.E.2d 640, 641 (1986); see also Farmington Country Club v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005).

Here, the full commission found that claimant failed to satisfy the required element of causation. That finding of fact is binding on appeal because it is supported by credible evidence in the record. See Wagner Enters., 12 Va. App. at 894, 407 S.E.2d at 35; see also Code § 65.2-706(A) (stating that the commission's decision "shall be conclusive and binding as to all questions of fact"); Ga. Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993) (stating that the full commission's factual determinations will not be disturbed on appeal unless they are "plainly wrong or without credible evidence to support them"). Indeed, "we *must* defer to the commission's findings of fact if supported by credible evidence in the record." Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010) (emphasis added).

During the commission proceedings, the question of compensability for claimant's shoulder injury turned on whether the presence of water on the kitchen floor caused claimant to begin to fall. Appellant acknowledges on appeal, as she must, that she never actually testified either at the deposition or at the evidentiary hearing that the water on the floor caused her to begin to fall. Appellant asserts that the full commission should have *inferred* from the totality of the circumstances in the record a causal relationship between the water on the floor and her shoulder injury. However, the full commission declined to make this inference, as it was entitled to do in its role as the factfinder.[4] See, e.g., Meidan, Inc. v. Leavell, 62 Va. App. 436, 442, 749

---

[4] Contrary to claimant's argument on appeal, the full commission was not obligated to defer to the inference made by the deputy commissioner. We note that, while the deputy commissioner viewed claimant's demonstration of how the accident occurred, the deputy commissioner's opinion contains no findings of credibility that the deputy commissioner states are based on observations of claimant's appearance and demeanor at the evidentiary hearing. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987).

S.E.2d 201, 204 (2013) ("Certainly, the full commission is the factfinder for commission proceedings.").

Despite being given many opportunities to explain how her accident occurred at both the deposition and at the evidentiary hearing, claimant was never able to explain *why* she began to fall – and never testified that she began to fall *because* of the wet kitchen floor. In the absence of any testimony affirmatively connecting the wet floor with claimant's loss of balance, the full commission had before it two conflicting inferences that it could draw from the evidence. See Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983) (explaining that "conclusions upon conflicting inferences, legitimately drawn from proven facts," are "binding on appeal"). Nothing in the record *required* the full commission to infer that the wet floor had a causal connection to claimant's shoulder injury. Instead, the full commission here was entitled to reach a different conclusion and to infer that the cause of claimant's loss of balance simply was not adequately explained by the record.

"The commission is authorized to draw reasonable inferences from the evidence, and on appeal, we will not disturb reasonable inferences drawn by the commission from the facts proven by the evidence presented." Turf Care, Inc. v. Henson, 51 Va. App. 318, 324, 657 S.E.2d 787, 789-90 (2008). The inference that the full commission chose to draw from the evidence is reasonable – as it is supported by claimant's own testimony that she did not know why she began to fall. Since claimant was the only witness to the accident, no witness before the commission could identify the cause of claimant's loss of balance in the kitchen. "Every unexplained accident, by definition, means that no one can relate how the accident happened." Pinkerton's, Inc. v. Helmes, 242 Va. 378, 381, 410 S.E.2d 646, 648 (1991). "[I]n a non-fatal, unexplained accident there is no presumption that the injuries sustained arose out of employment." Hill v. Southern Tank Transp., Inc., 44 Va. App. 725, 732, 607 S.E.2d 730, 733 (2005).

On appeal, claimant asks this Court to reverse the full commission and hold that her shoulder injury "is not an unexplained accident." Claimant contends on brief that the explanation for her accident "can be found in the evidence adduced at the evidentiary hearing, her deposition testimony, her medical records, the independent medical examination, and the reasonable inferences to be drawn from that evidence." However, an explanation for the accident *is not* found in claimant's deposition or hearing testimony. Claimant testified that she did not know why she lost her balance and began to fall. Furthermore, neither appellant's medical providers' notes nor the independent medical examiner's report mention anything about water being present on the kitchen floor. Finally, on appeal, given the standard of review, it is *employer* as the prevailing party below – not claimant – who "benefits from all reasonable inferences from the evidence." S&S Elec., Inc. v. Markulik, 61 Va. App. 515, 527, 738 S.E.2d 512, 518 (2013). The standard of review supports the full commission's decision here.[5] On appeal, we certainly cannot make an inference of causation that the full commission – acting as factfinder – reasonably declined to make.

### III. CONCLUSION

Claimant never said at the deposition or at the evidentiary hearing that she began to fall because of the presence of water on the kitchen floor. Furthermore, the full commission's decision not to infer the required element of causation from the totality of the evidence in the record was reasonable, especially given claimant's own repeated statement that she did not know why she began to fall. Accordingly, we affirm the full commission's finding that claimant's

---

[5] Claimant's reliance on Basement Waterproofing v. Beland, 43 Va. App. 352, 597 S.E.2d 286 (2004), and City of Waynesboro v. Griffin, 51 Va. App. 308, 657 S.E.2d 782 (2008), is misplaced. The claimants in those cases *prevailed* in the full commission and, therefore, benefited from the standard of review on appeal.

shoulder injury was not compensable because claimant failed to carry her burden of establishing that the injury arose out of her employment.

Affirmed.