COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Petty and Decker
Argued at Richmond, Virginia


JOYCE VICK

                                         MEMORANDUM OPINION[*] BY
v.      Record No. 1467-14-1          JUDGE MARLA GRAFF DECKER
                                             MARCH 24, 2015

HAMPTON ROADS TRANSIT


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Gregory E. Camden (Montagna, Klein, Camden LLP, on brief), for
> appellant.
>
> Robert L. Samuel, Jr. (Williams Mullen, on brief), for appellee.


Joyce Vick (the claimant) appeals a decision of the Virginia Workers' Compensation

Commission (the commission) denying her claim for medical benefits and compensation for

temporary total disability.  The claimant contends that the commission erred in finding that she

suffered no compensable injury by accident, as her injuries did not arise out of conditions of her

employment.  For the following reasons, we affirm the decision of the commission.

## I.  BACKGROUND[1]

On July 5, 2013, the claimant was employed as a bus operator by Hampton Roads Transit

(the employer).  Her duties in this role were to drive the bus on the route assigned to her and pick

up and drop off passengers at designated stops.  At 8:00 p.m. on that date, the claimant had been

driving for the prior eight hours when her supervisor asked her to drive an additional three hours

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On appeals from the commission, this Court "review[s] the evidence in the light most
favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212,
390 S.E.2d 788, 788 (1990).

in order to accommodate an event that evening. While the claimant was leaving the office to get back on the bus, she was talking to this supervisor and another supervisor. As she left the office, she turned toward her right to leave. Her shoe "got caught on the bottom of the threshold piece that was down there, and there was nothing in the hallway to grab . . . to keep [her] from falling so [she] [] stumble[ed] until [she] fell on [her] right side." According to the claimant, she thought that she had raised her foot up high enough to cross the threshold.

The claimant testified that a marble piece in the threshold was lifted up higher off of the floor, about one-half inch or one inch above the surface of the floor on which she had been walking. She stated that "when you're coming in the door, it seems to be level, it's level with the floor when you're coming in the door. But when you're going out the door, it has this little kink on it." The claimant also noted that the rise had some "little chucks out of it, like broken off, like a broken tooth."

The claimant had walked through that particular door prior to her fall. She was "kind of" familiar with the building, as it had been recently built. The floor became level again after the piece of marble in the middle. She testified that there were no other doorways like this one in the building. She also noted that after her fall, employees were not allowed to walk through that door anymore. Pictures of the threshold, taken a month after the claimant's fall, were entered into evidence at a hearing before the deputy commissioner.

According to the claimant, she felt a "little sting[ing][,] burning sensation" in her right hip when she fell. She continued with her work that day, completing the extra three-hour shift. The claimant first sought medical attention several days later on July 12, 2013, at the hospital emergency room, where she was diagnosed with sciatica with lower back pain. On July 15, 2013 the claimant went to an urgent care clinic, where she was diagnosed with lower extremity

contusions, back pain, and a sprained ankle. She was taken out of work through July 20, 2013, and placed on light-duty work through July 22, 2013.

On November 19, 2013, the claimant filed a claim for benefits alleging an injury by accident to her right hip, right leg, and lower back that occurred on July 5, 2013. She sought an award of medical benefits and compensation for temporary total disability beginning July 11, 2013 through July 30, 2013. The employer defended on the ground that the claimant did not suffer a compensable injury by accident because her injury did not arise out of her employment. The deputy commissioner found that the claimant's injury was compensable and awarded medical benefits and temporary total disability.

On review, the full commission, with one commissioner dissenting, found that the "claimant here has failed to prove that she was at a heightened risk because of her employment or that the threshold she tripped over was defective or sufficiently unusual. . . . There is . . . no connection between the claimant's employment and her trip and fall over the ordinary threshold in this case." Additionally, the commission found "no evidence that the claimant was engaged in some employment related task which made it more likely that she would trip over the threshold or that a conversation with her supervisors contributed to her fall." Thus, the commission found that the claimant's injury did not arise out of her employment and reversed the deputy commissioner's decision, vacating the award. This appeal followed.

## II. ANALYSIS

The claimant contends that the commission erred by holding that she did not sustain an injury by accident arising out of her employment. Specifically, she argues that the commission misinterpreted the findings in Dominion Virginia Power v. Pulley, No. 0866-10-1, 2011 Va. App. LEXIS 191 (Va. Ct. App. June 7, 2011), and erred in concluding that the threshold she tripped over was not an actual risk of employment. She also contends that distraction from her

conversation with her supervisors contributed to her injury, proving that she suffered an injury by accident arising out of her employment.

Whether a claimant has suffered an injury by accident is a mixed question of law and fact. Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167, 543 S.E.2d 619, 621 (2001). In its role as the finder of fact, "the [c]ommission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions." Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999). "On appellate review, the factual findings of the commission are binding if they are supported by credible evidence." Wagner Enter., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). This Court "does not retry facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Id. However, "whether those [factual findings of the commission] prove the claimant suffered an 'injury by accident' is a question of law" which the Court reviews *de novo*. Goodyear Tire, 35 Va. App. at 168, 543 S.E.2d at 621.

An injury, to be compensable under the Workers' Compensation Act, must "arise out of" and "in the course of" the injured employee's employment. Code § 65.2-101; see Simms v. Ruby Tuesday, Inc., 281 Va. 114, 120, 704 S.E.2d 359, 362 (2011). Here, it is undisputed that the claimant's injury resulted from an accident "in the course of" her employment. The only challenge is to the "arising out of" requirement necessary for the compensability of the claimant's injury.

"Arising out of" refers to the origin or cause of an employee's injury. Richmond Mem'l Hosp. v. Crane, 222 Va. 283, 285, 278 S.E.2d 877, 878 (1981). Virginia has adopted an "actual risk" test to determine whether an accident arises out of an employee's employment. See Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 379 (1989). "An 'actual risk of employment' is 'not merely the risk of being injured while at work.'" Bernardo v. Carlson

- 4 -

Cos. — TGIF, 60 Va. App. 400, 405, 728 S.E.2d 508, 511 (2012) (quoting Taylor v. Mobil Corp., 248 Va. 101, 107, 444 S.E.2d 705, 708 (1994)).  Rather, "[u]nder the actual risk test, an injury comes within the Act 'only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done.'"  Simms, 281 Va. at 122, 704 S.E.2d at 363 (quoting Hilton v. Martin, 275 Va. 176, 180, 654 S.E.2d 572, 574 (2008)).

> "Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. *But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.* The causative danger must be peculiar to the work and not common to the neighborhood.  It must be incidental to the character of the business and not independent of the relation of master and servant.  It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Hill City Trucking, 238 Va. at 739, 385 S.E.2d at 379 (citation omitted) (quoting Baggett & Meador Cos. v. Dillon, 219 Va. 633, 638, 248 S.E.2d 819, 822 (1978)).  Therefore, the "actual risk doctrine requires a 'hazard' or 'danger' not equally present 'apart from the employment' but rather one 'peculiar to the work.'"  Bernardo, 60 Va. App. at 405, 728 S.E.2d at 511.  Additionally, distractions that cause the injury may be compensable if they are not "'unrelated to any hazard common to the workplace.'"  Marion Corr. Treatment Ctr. v. Henderson, 20 Va. App. 477, 480, 458 S.E.2d 301, 303 (1995) (quoting UPS v. Fetterman, 230 Va. 257, 259, 336 S.E.2d 892, 893 (1985)).

Here, the commission made several factual findings regarding the claimant's workplace incident.  It found that "the photographs in evidence show that the threshold, over which the

- 5 -

claimant tripped, is an ordinary, non-defective threshold common to many businesses and public buildings." Further, it found that the one-half inch to one inch "slight rise" in the threshold was "not sufficiently significant to be considered a defect or a risk of employment." Therefore, the commission found "no connection" between the claimant's employment and her fall over the rise in the threshold. Additionally, the fact that this was the only threshold in the building with a raised portion was not sufficient to show that the claimant was at a heightened risk as a result of her employment, and the commission noted that the claimant had walked through this particular threshold on prior occasions.

Further, the commission found that there was not sufficient evidence to reasonably infer that claimant suffered a distraction from speaking with her supervisors. It found that the claimant merely testified that she was speaking with two supervisors prior to her fall. She did not testify that her attention was diverted by this conversation or that the conversation in any way contributed to her fall.

We are bound by the factual findings made by the commission as long as there is credible evidence in support of these findings. Wagner Enters., 12 Va. App. at 894, 407 S.E.2d at 35. Additionally, "[t]he commission is authorized to draw reasonable inferences from the evidence, and on appeal, we will not disturb reasonable inferences drawn by the commission from the facts proven by the evidence presented." Turf Care, Inc. v. Henson, 51 Va. App. 318, 324, 657 S.E.2d 787, 789-90 (2008) (citation omitted). While the evidence in this case is rather sparse, there is credible evidence in the record to support the commission's findings. The photographs, entered into evidence, show a slight rise in the particular threshold at issue, but the rise does not appear uneven or irregular. The claimant testified that she had crossed the threshold on prior occasions. She also stated that she believed she had raised her foot sufficiently high to have cleared the threshold in this instance. These evidentiary facts support the commission's findings that the

- 6 -

threshold was not defective and that appellant was not at a heightened risk because of her employment.

Similarly, there is credible evidence to support the commission's finding that the claimant was not distracted at the time of her fall. She testified that she was having a discussion with her supervisors while crossing the threshold, but she did not specifically testify that this conversation in any way contributed to her fall. The commission is permitted to draw reasonable inferences from the evidence. Turf Care, 51 Va. App. at 324, 657 S.E.2d at 789-90. Here, we deem the commission's inference—that the claimant was not distracted at the time of her fall because she had the ability to explain to the commission that she was in fact distracted at the time of her fall, but failed to do so—reasonable under the facts that are in the record.

The claimant contends that the commission misinterpreted the findings in an unpublished decision of our Court, Dominion Virginia Power v. Pulley, No. 0866-10-1, 2011 Va. App. LEXIS 191 (Va. Ct. App. June 7, 2011). In that case, we held that the commission did not properly apply the actual risk test to determine whether the employee's injury arose out of her employment. Id. at *9-10. Therefore, we reversed and remanded to the commission to determine, based on the actual risk test, whether the employee's injury arose out of employment. Id. at *13-14. On remand, the commission found that "a newly installed raised threshold over which claimant tripped required a greater degree of attentiveness to negotiate and was an actual risk of [the employee's] employment." Pulley v. Dominion Va. Power, JCN 2359880 (Va. Workers' Comp. Comm'n Nov. 16, 2011). Here, the claimant suggests that the commission's decision on remand in that case supports her argument now before the Court that this raised threshold was an actual risk of her employment.

We find the claimant's contention of error regarding the commission's use of Pulley unconvincing, although we recognize that the commission misinterpreted the ultimate holding in

- 7 -

that case.[2]  Although the commission did find the facts in <u>Pulley</u> "similar" to the present case, unlike the situation in <u>Pulley</u>, here it applied the actual risk test.  Therefore, the commission's comparison of the two cases did not affect the commission's decision, since it properly applied the actual risk test to the facts at hand.

In this case, as required under the actual risk test, the commission made findings as to whether the claimant's risk of injury was peculiar to her employment and not one to which the general public was equally exposed.  <u>Bernardo</u>, 60 Va. App. at 405, 728 S.E.2d at 511.  Specifically, the commission found that there was no heightened risk due to the claimant's employment and that the threshold was not defective.  These factual findings are supported by credible evidence.  Therefore, they are binding on our Court on appeal, and the commission did not err in denying the claimant's claim.

### III.  CONCLUSION

Credible evidence supports the commission's factual findings that the claimant's risk of injury was not peculiar to her employment.  Therefore, the commission did not err by determining that the claimant's fall did not arise out of her employment.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

---

[2] The commission correctly recited <u>Pulley</u> as reversing and remanding for proper application of the actual risk test.  The commission, however, incorrectly interpreted the opinion as holding that the employee failed to prove a heightened risk arising from employment.  This Court expressly remanded the case to the commission to make that factual determination. <u>Pulley</u>, 2011 Va. App. LEXIS 191, at *13-14.