v.

HHC Poplar Springs, Inc.,
d/b/a Poplar Springs
Hospital, *et al.*

December 7, 2015

Case No. CL15000378-00

BY JUDGE JOSEPH M. TEEFEY, JR.

This day came the defendant, by counsel, and has demurred to the Plaintiff's Complaint on multiple grounds and has filed a Plea in Bar to said Complaint. The Court received and reviewed the defendant's briefs supporting the Demurrer and Plea in Bar, the plaintiff's responses and briefs opposing, argument of counsel presented at the noticed hearing, all applicable case law and statutes cited by the parties supporting their respective positions.

## Standard of Review

This Court must consider the defendant's Demurrer on settled principles that the pleading admits the truth of all material facts pleaded, facts implicitly alleged and those facts reasonably inferred from the facts actually alleged in the plaintiff's complaint. *Cox Cable Hampton Roads, Inc. v. City of Norfolk,* 242 Va. 394, 397 (1991). However, the defendant's Demurrer does not admit the plaintiff's conclusions of law. *Ward's Equipment, Inc. v. New Holland North Am., Inc.,* 254 Va. 379, 382 (1997). Thus, a Demurrer "tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors,* 266 Va. 550, 554 (2003).

## Facts as Alleged in Complaint

The Court makes no finding of fact beyond application of the facts alleged in the Complaint to decide the Demurrer and Plea in Bar, which is the standard of review imposed on this Court. The plaintiff was on active duty military deployment at the time of the cause of action. She began to

suffer from post traumatic stress disorder (PTSD), and the military based medical unit referred her to the facility operated by the defendant, Poplar Springs Hospital (hereinafter "PSH"). The defendant advertised expertise in treating PTSD for military service members and provided a secure and therapeutic "military unit" for this form of specialized treatment. The plaintiff was voluntarily admitted to the military unit where she was evaluated for treatment needs and provided a care plan for her inpatient hospitalization.

The defendant's staff prescribed medication and dispensed the psychiatric medication to the plaintiff as part of the treatment plan. The defendant provided the plaintiff with descriptions of security measures implemented at the hospital to safeguard patients at times they are mentally and physically vulnerable while treated at the hospital. These measures included video surveillance and regular room checks on fifteen minute intervals.

The plaintiff was sedated and asleep in her room during the early morning hours of October 29, 2013. Another resident known to the plaintiff entered plaintiff's room and sexually assaulted plaintiff for an extended period of time until plaintiff pushed the assailant away and ran into the bathroom. The defendant's staff did not conduct the scheduled room checks and failed to monitor the video surveillance to prevent this incident from occurring.

### Defendant Demurs That No Special Relationship Existed Creating a Duty To Control Third-Party Conduct

Defendant argues that plaintiff's Complaint fails to allege sufficient facts to overcome the general rule noted in *Nasser v. Parker,* 249 Va. 349 (2013), that the defendant has no duty to control the conduct of third parties to prevent harm to the plaintiff. An exception to this rule is only provided when the facts allege a special relationship that creates such a duty. *Id.* However, this Court finds that plaintiff's Complaint does allege that plaintiff was voluntarily committed for inpatient treatment by the defendant psychiatric hospital for mental health care that required sedation medication and treatment of PTSD related to prior sexual trauma which placed her in a vulnerable position for harm to herself or at the hand of another with access to her.

Defendant's advertised security measures and the plaintiff's specific treatment plan requiring close monitoring of the plaintiff were also facts supporting defendant's awareness of the need for additional care related to the protection of plaintiff. Additionally, the defendant knew the attacker's mental health problems, who was an inpatient resident of the same ward within defendant's psychiatric hospital. These alleged facts are similar to the background facts in *Delk v. Columbia,* 259 Va. 125 (2000) which extended the special relationship duty to a psychiatric hospital where one inpatient resident attacked another vulnerable inpatient victim within the

facility. This Court finds that plaintiff's Complaint satisfies the pleading requirement applied in *Delk;* so, the Court overrules defendant's Demurrer to plaintiff's Complaint on this challenge.

### Defendant Demurs for Failure
### To Allege Criminal Assault Foreseeability

In essence, this defense challenges the sufficiency of the Complaint in that the facts alleged fail to establish a cause of action for negligence. Even a quick review of the Complaint reveals that the facts alleged, when taken in their totality and applying all reasonable inferences, establish the elements of a cause of action for negligence. Defendant's challenge is premature in this litigation; therefore, the Court overrules defendant's Demurrer on this challenge.

### Defendant Demurs Because There Is No Common Law Duty
### To Provide Safe Care,
### Which Allegation Sounds in Medical Malpractice

Defendant claims that the allegations in Plaintiff's Complaint are, if true, properly recognized as Medical Malpractice pursuant to Va. Code § 8.01-581.1 *et seq.* Defendant asserts that there is no common law duty to provide safe care; therefore, their Demurrer should be sustained. This question was answered in *Alcoy v. Valley Nursing Homes, Inc.*, 272 Va. 37 (2006), where the Supreme Court of Virginia reversed the trial court's decision to grant summary judgment for a nursing home claiming that the decedent's estate claim of negligence must be brought under the aforementioned Medical Malpractice Act.

In that case, the elderly patient who resided in the nursing home was physically helpless and unable to communicate rendering her vulnerable to the sexual assault of a third party. The Court distinguished deficient health care when providing medical treatment constituting malpractice pursuant to Va. Code § 8.01-581.1 from alleged omissions involved in the administration, management, and security provided by the facility defendant. To simplify, the Court held that health care and patient location are two separate concepts. The former is covered by the Medical Malpractice statute while the latter sounds in tort. This Court relies upon the decision in *Alcoy* and overrules defendant's Demurrer on this challenge.

### Defendant Demurs to Claims of Negligent Supervision,
### Training, and Hiring, to Claims of Spoliation, and Punitive Damages

The plaintiff's counsel at the hearing on the defendant's Demurrer asserted that he did not plead negligent supervision, training, or hiring; so, the Court should not take action on defendant's Demurrer. The plaintiff continued that no cause of action for spoliation or punitive damages

is pleaded in the Complaint. Instead, the factual allegation of spoliation is the basis for the punitive damages claim. The Court noted plaintiff's representations regarding the nature of his pleading and asserted causes of action, and the Court takes no action on defendant's Demurrer to these allegations, which are not causes of action that plaintiff intends to pursue.

### Defendant's Demurrer and Plea in Bar to Violation of the Virginia Consumer Protection Act

Defendant does not present this Court with a distinct issue of fact barring plaintiff's recovery. *See, Hilton v. Martin,* 275 Va. 176 (2008). Instead, defendant presents a legal challenge that the Medical Malpractice Act and Va. Code § 59.1-199 preempt and exclude recovery under the Virginia Consumer Protection Act (VCPA). The Court finds that the defendant presented no evidence, so the defendant's challenge to the Complaint is purely a legal argument that is not properly positioned in a Plea in Bar. Court, therefore, denies the Plea in Bar.

The Court next considers the Demurrer that the Complaint fails to present sufficient allegations of intentional misrepresentation of an existing fact to satisfy the requirements of VCPA. Defendant properly argues that plaintiff's burden is to state a misrepresentation of fact. *Lambert v. Downtown Garage, Inc.,* 262 Va. 707 (2001). The Court finds that the Complaint details many representations of fact made by the defendant to the plaintiff prior to and after the date of admission each regarding the safety and risk management features of the psychiatric hospital, which the Complaint further alleges were not implemented or carried out during plaintiff's care and residence. These allegations at this pleading stage are sufficient to satisfy the elements of a claim under the VCPA. The Court, therefore, overrules the Demurrer on this challenge.